The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 20, 2022, which may be different from its entry on the record.

**IT IS SO ORDERED.**

Dated: October 20, 2022



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DANIEL MICHAEL BENZ, | ) | Case No. 22-10726 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| JESSICA FLOWERS & | ) | |
| JOHN FLOWERS, | ) | |
|     Plaintiffs. | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 22-1046 |
| | ) | |
| DANIEL MICHAEL BENZ, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

In this adversary proceeding, the plaintiffs, Jessica and John Flowers, seek to have a state court default judgment entered in their favor against the

---

[1] This Opinion is not intended for official publication.

debtor-defendant, Daniel Benz, to be deemed nondischargeable under Section 523 of the Bankruptcy Code (Code). The state court judgment stems from the allegedly inadequate installation of a metal roof by the debtor and the debtor's company. This proceeding is currently before the Court on the debtor's motion to dismiss Count III of the adversary complaint to the extent it alleges nondischargeability due to fraud or defalcation while acting in a fiduciary capacity and larceny under § 523(a)(4) of the Code. The debtor does not challenge Count III's allegation of nondischargeability due to embezzlement in the motion. As explained more fully below, the Court (1) grants the motion to dismiss to the extent that Count III alleges nondischargeability due to fraud or defalcation by a fiduciary and larceny; and (2) denies leave to amend the dismissed portions of Count III because such amendment would be futile.

## JURISDICTION

An action to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Rule 2012-7, entered on April 4, 2012, by the United States District Court for the Northern District of Ohio.

## BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2020, the plaintiffs filed a state court case against Daniel Benz and his company. (*Jessica Flowers et al. v. Daniel Benz et al.*, Lake County Court of Common Pleas Case No. 20CV001488.) The dispute grew out of the debtor's allegedly inadequate installation of a metal roof for the plaintiffs. As a result of this dispute, plaintiffs alleged breach of contract, unjust enrichment, fraud, conversion, and violations of Ohio consumer protection and racketeering statutes. On February 3, 2021, the state court granted the plaintiffs default judgment and damages of $43,000. The state court later granted an affidavit in support of attorney's fees, bringing the total damages to $47,000.

After several state court proceedings at which unsuccessful attempts were made to execute the judgment, plaintiffs filed a renewed motion for an order to show cause why the defendant should not be held in contempt. The state court scheduled a hearing on the motion for March 18, 2022. On that same date, shortly before the hearing, the debtor filed a voluntary petition for relief under Chapter 7 (Case No. 22-10726), staying the state court proceeding.

On June 1, 2022, plaintiffs initiated the instant adversary proceeding by filing a complaint alleging their debt was nondischargeable. (Adv. Proc. No. 22-1046, Docket No. 1). Relevant here is Count III, which is labeled both "FRAUD

OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY" and "EMBEZZLEMENT/ LARCENY." (Docket No. 1, p. 8). This count alleges that the debtor acted as a fiduciary to plaintiffs but "willfully retained, used, hid and converted" plaintiffs' funds without permission or authority. (Docket No. 1, p. 8). Under § 523(a)(4), plaintiffs allege nondischargeability due to the debtor's "fraud, embezzlement, conversion, larceny and defalcation." (Docket No. 1, p. 8.)

On July 25, 2022, the debtor sought dismissal of Count III of plaintiffs' complaint to the extent it alleged fraud or defalcation while acting in a fiduciary capacity and larceny. (Docket No. 5.) Plaintiffs filed a response opposing the motion to dismiss on September 30, 2022. (Docket No. 17).

MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2), made applicable here by Bankruptcy Rule 7008, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Supreme Court further noted:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (citations omitted). Thus, the complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (quotation marks and citations omitted). In evaluating a motion to dismiss, courts may consider the complaint with its exhibits and public records, as well as items in the case record and exhibits attached to the motion to dismiss, provided that the items and exhibits are mentioned in the complaint and are central to its claims. *See id.* (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

## DISCUSSION

The Code exempts certain classes of debt from discharge, including debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). Courts construe exceptions to discharge strictly

in the debtor's favor.  *See Rembert v. AT & T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998).  At issue here is not the extent or validity of the debt, but only whether it is dischargeable under the Code.  *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) (distinguishing the validity of a claim from its dischargeability).  The debtor's motion to dismiss seeks to eliminate fraud or defalcation by a fiduciary and larceny as separate grounds for nondischargeability.  *See Long v. Piercy (In re Piercy)*, 21 F.4th 909, 919 (6th Cir. 2021) (noting that the two "prongs" of § 523(a)(4), fraud or defalcation by a fiduciary and embezzlement/ larceny, represent distinct exceptions to discharge).  For reasons explained below, the Court grants the debtor's motion to dismiss Count III to the extent plaintiffs allege nondischargeability due to fraud or defalcation by a fiduciary and larceny.  The Court further denies plaintiffs' request for leave to amend their complaint because amendment would be futile.

*Defalcation or Fraud by a Fiduciary*

To plausibly contend a debt is nondischargeable because of defalcation or fraud by a fiduciary under § 523(a)(4), a plaintiff must allege three elements: that a fiduciary relationship existed, that the relationship was breached, and that the plaintiff suffered loss.  *See Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 114 (B.A.P. 6th Cir. 2007) (citing *R.E. Am., Inc. v. Garver (In re Garver)*,

116 F.3d 176, 178 (6th Cir. 1997)). Federal law defines the nature of a fiduciary relationship under § 523(a)(4), but courts consider state law as well. *See Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390–91 (6th Cir. 2005) (citing *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir. 1982)). Further, the Sixth Circuit interprets a fiduciary relationship more narrowly under § 523(a)(4) than it does in other contexts. *See Blaszak*, 397 F.3d at 391; *accord Fox*, 370 B.R. at 114 (citing *Borg-Warner Acceptance Corp. v. Miles (In re Miles)*, 5 B.R. 458, 460 (Bankr. E.D. Va. 1980)) ("The Courts have attempted to avoid making the exception so broad that it reaches such ordinary commercial relationships as creditor-debtor and principal-agent.").

The plain language of § 523(a)(4) requires fraud or defalcation to occur "while acting in a fiduciary capacity." For a fiduciary relationship under this section, an express or technical trust must have existed before the alleged fraud or defalcation and the trust corpus must include the property in dispute. *See Blaszak*, 397 F.3d at 391. The trustee must also have defined duties before the claim arises. *See Bd. of Trs. of Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 643 (6th Cir. 2007) ("But for a trust relationship to satisfy § 523(a)(4), the alleged fiduciary must have duties that preexist the act creating the debt."). Moreover, for a technical or express trust to exist, there must be an intent to create

7

the trust, a trustee, a trust corpus, and an ascertainable beneficiary. *See Blaszak*, 397 F.3d at 391–92 (citing *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 166 (Bankr. N.D. Ohio 1993)). A contract, without more, is insufficient to indicate a fiduciary relationship for the purposes of § 523(a)(4). *See Bucci*, 493 F.3d at 643.

Here, plaintiffs included "FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY" in their heading for Count III. (Docket No. 1, p. 8). Plaintiffs also asserted that "Defendant was acting as a fiduciary to Plaintiffs" and that the debtor committed fraud and defalcation because he "willfully retained, used, hid, and converted" money owed to the plaintiffs. (Docket No. 1, p. 8.) Plaintiffs did not support these conclusory assertions with plausible factual allegations that a fiduciary relationship existed in the form of an express or technical trust. Further, plaintiffs did not allege that the elements of an express or technical trust existed before the wrongdoing: for example, that a trustee performed definite duties before the trustee's transaction with debtor. Nor did they allege that the $43,000 payment, which would constitute the trust res, was in a trustee's possession prior to the transaction. On the contrary, the plaintiffs only claim to have paid the debtor after the work was finished: "At the completion of the Project, Plaintiffs ultimately made a total payment of $43,000.00 . . . to Defendant." (Docket No. 1, p. 3). The complaint suggests a contractual

8

relationship rather than a fiduciary one, falling short of the Sixth Circuit's stringent definition of a fiduciary relationship in this context. Consequently, plaintiffs fail to state a plausible claim for fraud or defalcation by a fiduciary. Therefore, the Court dismisses Count III to the extent that plaintiffs allege fraud or defalcation by a fiduciary.

*Larceny*

Next, the debtor moves to dismiss the allegation of nondischargeability due to larceny under § 523(a)(4). As plaintiffs correctly observe (Docket No. 17, p. 6), under § 523(a)(4), embezzlement and larceny do not require a fiduciary relationship. *See Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 275 (2013) (explaining that embezzlement and larceny "apply outside of the fiduciary context" in § 523(a)(4)). Embezzlement requires a creditor to allege that he " 'entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud.' " *Piercy*, 21 F.4th at 919 (quoting *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996)). Under § 523(a)(4), the only distinction between larceny and embezzlement is that embezzlement occurs when a party receives property lawfully, while larceny is reserved for unlawful appropriation. *See id.* (citation omitted); *accord Bullock*, 569 U.S. at 275 ("As commonly used, 'embezzlement'

9

requires conversion, and 'larceny' requires taking and carrying away another's property.").

Here, the plaintiffs allege the debtor "willfully retained, used and hid money owing to Plaintiffs despite having no permission or authority to do so." (Docket No. 1, p. 8). As such, plaintiffs allege the debtor should be denied a discharge because of "fraud, embezzlement, conversion, larceny and defalcation" under § 523(a)(4). (Docket No. 1, p. 8). However, plaintiffs contend that their payment of the debtor was made voluntarily according to the terms of a contract: "On or about May 12, 2019, Plaintiffs and Defendant entered into a Contract. . . . At the completion of the Project, Plaintiffs ultimately made a total payment of $43,000.00 . . . to Defendant." (Docket No. 1, pp. 2–3). Because the plaintiffs allege the debtor received the funds lawfully according to a contract, their complaint does not support nondischargeability due to larceny under § 523(a)(4). Therefore, the Court grants the debtor's motion to dismiss plaintiffs' allegation of nondischargeability due to larceny in Count III.

*Leave to Amend Complaint*

Finally, the plaintiffs ask the Court to grant leave to amend their complaint if it grants debtor's motion to dismiss. (Docket No. 17, p. 7). Federal Rule of Civil Procedure 15(a)(2), made applicable here by Bankruptcy Rule 7015, requires

courts to "freely give leave" to amend pleadings "when justice so requires." However, courts have discretion to deny a motion to amend a complaint when amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (including futility among a list of reasons for courts to deny leave to amend a pleading). An amendment is futile if it could not withstand a motion to dismiss as amended. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

Here, an amended complaint would be futile because plaintiffs' factual allegations make the existence of a fiduciary relationship under § 523(a)(4) unconvincing. As explained above, plaintiffs have not alleged that a fiduciary relationship existed before the parties entered into a contract, that the debtor had defined duties in this relationship, or that the debtor exercised these duties to protect a trust corpus including the $43,000 the plaintiffs paid the debtor. Rather, the complaint describes the parties' relationship as contractual. For this reason, amending the complaint to make a fiduciary relationship plausible would fundamentally transform the factual allegations pled in both the original adversary complaint and the state court action. Thus, the existence of a fiduciary relationship would not be plausible in this context even if the Court granted plaintiffs leave to amend.

Nor would amending the complaint make the allegation of larceny plausible. Plaintiffs' assertion that they paid the debtor voluntarily according to the terms of a contract excludes nondischargeability due to larceny under § 523(a)(4), which requires unlawful appropriation. Such allegations would not survive a renewed motion to dismiss as amended. Thus, for both larceny and defalcation or fraud by a fiduciary, amendment would be futile even if the Court granted leave to do so. On the other hand, the plaintiffs' allegation of embezzlement in Count III, which the debtor does not challenge, plausibly follows from the complaint's factual allegations. Therefore, the Court denies plaintiffs' request to amend their allegations in Count III.

## CONCLUSION

For the reasons explained above, the Court (1) grants the debtor's motion to dismiss Count III to the extent it alleges nondischargeability due to fraud or defalcation by a fiduciary and larceny; and (2) denies leave to amend the dismissed portions of Count III because such amendment would be futile.

IT IS SO ORDERED.